PRATT, J., concurred; DYKMAN, J., not sitting.

Judgment dismissing complaint reversed and new trial granted, costs to abide event.

---

IN THE MATTER OF THE CLAIM OF WILLIAM LANG, AN EXECUTOR, APPELLANT, AGAINST THE ESTATE OF ELIZA STRINGER, DECEASED, CECILIA A. HOWELL AND OTHERS, RESPONDENTS.

*Final accounting of an executor who is also a creditor — allowance of the claim on a new trial after its rejection on an original accounting — delivery of property, in the meantime, to a co-executor, a legatee.*

The fact that, under a decree of the surrogate upon the final accounting of one of two executors, rejecting a claim of such executor, as a creditor of the estate, the property of the estate has been delivered to the co-executor, who is also the residuary legatee, does not deprive the surrogate of the power to compel restitution, and the payment out of such property, to the creditor (executor) of the amount of his claim on its subsequent allowance on a new trial.

APPEAL by William Lang, executor and claimant, from that part of a decree and judgment of the Surrogate's Court of the county of Westchester, made and entered on the 24th day of October, 1892, which states: " That said William Lang, as executor, delivered to Cecilia A. Howell, legatee, under the will of said testatrix, bankbooks representing, in value, $6,092.51.

" That this court has no power to compel said Cecilia A. Howell to pay over to said William Lang said deficiency of $54, said commission of $93.75, said costs, $421.50, and said claim of $1,445.72, or either of them. That said William Lang be paid said amounts out of any assets remaining in his hands as executor, or which may hereafter be received by him as executor."

The decree and judgment appealed from were made on a new trial in the Surrogate's Court of a claim presented by William Lang, executor, against the estate of Eliza Stringer, deceased. The claim was rejected by the surrogate on the original hearing, and, on appeal from the decree then entered, the General Term of the Supreme Court, in May, 1891, reversed such original decree and remitted the proceedings to the surrogate for a rehearing.

*Arthur T. Hoffman,* for the appellant.

*H. T. Dykman,* for Cecilia A. Howell, legatee, respondents.

BARNARD, P. J.:

William Lang and Cecilia A. Howell were, on the 20th of July, 1888, duly qualified as executors of Eliza Stringer, deceased. Both continued to act as such until September, 1889. Lang was a creditor of the estate and Cecilia A. Howell was the general residuary legatee. In September, 1889, Lang filed his petition for a final settlement. All parties were cited. On the return day, September 23, 1889, Lang presented his bill. It was objected to and rejected. A new trial was granted, and upon the new trial the claim was allowed; but the court held that the delivery of the property under the first decree deprived the surrogate of all power to compel restitution to the claimant Lang. This is a hard rule. Lang had enough property to pay his claim until he was compelled to surrender it under an erroneous decree. The legatee was also executor and could not finally take as legatee until the judgment on the distribution and final settlement was sustained. When the case went back to the surrogate it stood in law as if the claim had been allowed in the first instance. There is no evidence in the case that Lang paid his co-executor or legatee. She had as much right to the possession of the assets as her co-executor, and neither she or her co-executor could give away to a legatee the assets until the debts

were paid. Lang's debt was from the estate and not from his co-executor, even if she was a legatee.

The judgment, so far as appealed from, should be reversed, with costs out of the estate, and Lang be decreed entitled thereto out of the property on hand when he presented his claim.

PRATT, J., concurred; DYKMAN, J., not sitting.

Part of decree appealed from reversed and petitioner decreed to be entitled to his claim out of estate existing when he presented his claim.